# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 13-1975

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Douglas Marcel Meeks

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: January 17, 2014
Filed: February 10, 2014

——————————

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

——————————

BYE, Circuit Judge.

Douglas Meeks was convicted of conspiracy to distribute at least fifty grams of cocaine base and distribution of at least five grams of cocaine base. After exhausting his appeals, Meeks filed a motion for new trial, arguing a new trial is

warranted because a government witness committed perjury. The district court[1] denied the motion. We affirm.

## I

Douglas Meeks was indicted and convicted of conspiracy to distribute at least fifty grams of cocaine base and distribution of at least five grams of cocaine base.

At trial, the government put on evidence overwhelmingly showing Meeks was guilty of the offenses of conviction. As relevant to this appeal, during the jury trial, Cardale Smith testified for the government concerning a controlled buy of cocaine base from Meeks. Smith testified he had contacted the police, admitted he bought drugs from Meeks, and offered to conduct a controlled buy. At trial, Smith denied selling drugs during the time frame of the trial, but admitted to purchasing crack cocaine in amounts up to a half-ounce and selling crack cocaine prior to the controlled buy from Meeks. During cross-examination, Smith was impeached when he admitted past purchases of crack cocaine, admitted he hoped cooperation meant he would not face criminal charges, and admitted he had a degree of bias against Meeks because of prior overlapping girlfriends. Smith also testified he had agreed to cooperate in order to help his father, who was under investigation for drug crimes. Smith's testimony regarding the controlled buy was bolstered by the testimony of Monique Nicholson who also participated in the controlled buy.

The jury found Meeks guilty of conspiracy to distribute at least fifty grams of cocaine base and distribution of at least five grams of cocaine base. The district court found Meeks had two prior felony drug convictions and sentenced Meeks to a mandatory term of life imprisonment on the conspiracy count and a concurrent term

---

[1]The Honorable John A. Jarvey, United States District Court for the Southern District of Iowa.

of 360 months on the individual distribution count. Meeks filed a timely appeal and this Court affirmed the conviction. United States v. Meeks, 639 F.3d 522 (8th Cir. 2011).

After Meeks's trial concluded, Smith was indicted for dealing cocaine. On June 30, 2010, Smith pleaded guilty to conspiracy to distribute at least fifty grams of cocaine base. In the factual basis of the plea agreement, Smith acknowledged the conspiracy ran from approximately September 1, 2007, to November 21, 2009, which included the dates of Meeks's trial.

Meeks filed a Fed. R. Crim. P. 33(b) motion for new trial based on the newly-discovered evidence Smith had committed perjury by claiming he did not sell crack cocaine during the time of Meeks's trial. The district court denied the motion for new trial, concluding Smith's testimony at trial did not portray him as a person of upstanding character, and concluding if the case were retried with the new impeachment evidence, the new evidence could not produce an acquittal. The district court also noted the overwhelming evidence of guilt based on the testimony of many witnesses.

II

Meeks appeals the district court's denial of his Rule 33(b) motion for new trial. Rule 33(b) allows district courts to vacate a conviction and grant a new trial on the basis of newly discovered evidence. Rule 33(b) motions are disfavored and are reviewed under the rigorous standard of a clear abuse of discretion. United States v. Baker, 479 F.3d 574, 577 (8th Cir. 2007). A defendant is not entitled to a new trial "unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Placensia, 352 F.3d 1157, 1162 (8th Cir. 2003) (internal quotation marks and citation omitted).

In order to receive a new trial, Meeks must show (1) the evidence was unknown or unavailable at the time of trial; (2) Meeks was duly diligent in attempting to uncover the evidence; (3) the newly discovered evidence is material; and (4) the newly discovered evidence is such its emergence probably will result in an acquittal upon retrial. Fed. R. Crim. P. 33(b); United States v. Rubashkin, 655 F.3d 849, 857 (8th Cir. 2011).

The motion fails based on the third and fourth elements, which require Meeks to show the newly discovered evidence is material and would result in an acquittal upon retrial. The evidence at trial shows the evidence of Meeks's participation in the controlled buy was overwhelming, and the value of the additional impeachment material would be negligible at best. "[I]n order to meet the materiality requirement, newly discovered evidence must be 'more than merely . . . impeaching." Baker, 479 F.3d at 577 (quoting United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001)). At trial, Smith portrayed himself as a drug user and former drug dealer and was impeached by Meeks's counsel in various ways. The additional impeachment evidence is not material and is insufficient to show an acquittal would be likely. See United States v. Johnson, 450 F.3d 366, 373 (8th Cir. 2006) (holding district court did not abuse its discretion in denying a Rule 33(b) motion where "the evidence would serve only to impeach . . . testimony"); United States v. Hollowhorn, 523 F.3d 882, 889-90 (8th Cir. 2008) (finding allegations victim's testimony was coached served only to impeach testimony and there was no abuse of discretion in denying the motion for new trial). Accordingly, we conclude the district court did not abuse its discretion in denying Meeks's motion for a new trial.

III

The judgment of the district court is affirmed.

_____